**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| ASHTYN WILLIAMS, as the Personal Administrator of the ESTATE OF MALCOLM WILLIAMS, <br><br> *Plaintiff,* <br><br> v. <br><br> CLAY BOLEY, and AS-YET UNIDENTIFIED OFFICERS from the INDIANA STATE POLICE, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 4:21-cv-00068 <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Ashtyn Williams, as the Personal Administrator for the Estate of Malcolm Williams, by her attorneys Loevy & Loevy, complains of Defendants Clay Boley, and as-yet unidentified officers from the Indiana State Police as follows:

### Introduction

1. On April 29, 2020, Malcolm Williams was shot and killed by Defendant Clay Boley, an officer with the Indiana State Police.

2. At the time he was shot, Malcolm was not acting violently, had done nothing to provoke or justify Defendant Boley's brutal and deadly assault, and posed no risk of substantial bodily harm to any person.

3. To the contrary, Malcolm was in a car with his long-time partner, Antoinette Webb, who was days away from delivering the couple's first son and who

was experiencing contractions during a traffic stop precipitated by Defendant Boley for an alleged non-working tail light.

4. Soon after Malcolm helped his partner regarding her contractions, he was dead.

5. Plaintiff brings this action under 42 U.S.C. § 1983 and Indiana law to hold Defendants accountable for their illegal actions and for violating Malcolm's constitutional rights, and to redress the devastating injuries and loss caused to Malcolm and his family by Defendant Boley's wholly unjustified shooting.

## Jurisdiction and Venue

6. This Court has jurisdiction of Plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction of his state law claims under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims all occurred within this judicial district.

## Parties

8. Malcolm Williams was a 27-year-old resident of Jeffersonville, Indiana, and a beloved father, brother, and son.

9. Plaintiff Ashtyn Williams is Malcolm Williams's sister and has been appointed as the Personal Administrator of Mr. Williams's estate by the Superior Court of Clark County, Indiana. Malcolm Williams is survived by his children, Laela Marie Money, La'Mya ShiAnn Roberts, and Malcolm Xavier Ray Williams, Jr.; his mother, Tara Bryant; his father, Fitzgerald Williams; and his sister, Ashtyn Williams.

10. Defendant Clay Boley and As-Yet Unidentified Officers from the Indiana State (collectively "Defendant Officers") were at all times relevant to this complaint law enforcement officers employed by the Indiana State Police, acting under color of state law and within the scope of their employment.

## Factual Allegations

11. In April 2020, Malcolm was living in Jeffersonville, Indiana.

12. Malcolm was working for a fast food restaurant when he was killed.

13. Malcolm was a loving father to his two daughters (Malcolm Jr. was born within days after Malcolm died) and a loving uncle to his one niece and five nephews.

14. Malcolm had a lot of friends, had a great sense of humor, loved to play basketball, and enjoyed listening to and performing music.

## The Shooting of Malcolm Williams

15. During the evening of April 29, 2020, Malcolm was a passenger while his nine-months pregnant partner, Antoinette Webb, drove them to a restaurant.

16. Defendant Boley pulled the car over for allegedly having a broken tail light.

17. During the stop, Ms. Webb began to experience contractions.

18. Defendant Boley searched Malcolm, who went to help Ms. Webb through the contractions. Defendant Boley confirmed that Malcolm was not personally armed.

19. After Malcolm returned to the passenger seat of the car, he advised Defendant Boley that Ms. Webb kept a handgun in the car.

20. Malcolm leaned out of the car with his left hand while dangling the handgun in a way to make it clear that he could not shoot the weapon and told Defendant Boley, "here, here, here" so that Defendant Boley could see and take the weapon.

21. As Malcolm attempted to hand the handgun to the police officer, by holding it in a way that clearly demonstrated that he could not shoot the handgun, Defendant Boley fatally shot him at least six times. Most of those shots hit Malcolm in the back.

22. Malcolm never pointed the handgun at anyone and dangled it in a way so that it was clear that he could not fire it.

23. Malcolm posed no threat of serious bodily harm to anyone before and during the time that Defendant Boley fatally shot him.

24. Malcolm died at the scene as a result of Defendant Boley's shooting.

25. At least one unknown officer from the Indiana State Police was present during the shooting, but failed to intervene to stop Defendant Boley from killing Malcolm.

26. After the shooting, Defendant Boley made up false claims about the number of shots fired to make the unlawful shooting appear justified.

## Plaintiff's Damages

27. As a result of Defendants' misconduct, Malcolm died, and suffered devastating harm, injury and loss before his death. He was a young man with a loving family, and his whole life was wiped away. His family, too, has suffered extreme injury and loss because of Malcolm's death.

28. The Estate of Malcolm Williams seeks to recover for the severe harms caused by Defendant Boley's excessive force, including but not limited to damages for the loss of Malcolm's life; the severe physical and emotional pain and suffering, mental anguish, loss of liberty, humiliation, degradation and anxiety that Malcolm suffered from the moment that Defendant Boley used force until Malcolm died; the loss of society and companionship that his family has suffered; medical, hospital, funeral and burial expenses; lost earnings; and the costs and expenses of administering the estate, including attorney's fees.

## Count I -- 42 U.S.C. § 1983
## Excessive Force

29. Each Paragraph of this Complaint is incorporated herein.

30. In the manner described above, the conduct of Defendant Boley constituted excessive force, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

31. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Malcolm Williams' rights.

32. The misconduct described in this Count was undertaken with malice, willfulness, and with reckless indifference to the rights of others.

33. As a result of these Defendants' actions and omissions, Malcolm, his estate, and his family suffered and will continue to suffer damages, including money damages, expenses, loss of contribution, pain and suffering, wrongful death, severe emotional distress, and loss of love and companionship.

### Count II -- 42 U.S.C. § 1983
### Failure to Intervene

34. Each Paragraph of this Complaint is incorporated herein.

35. In the manner described above, each of Defendant Officers had a reasonable opportunity to prevent the violation of Mr. Williams's constitutional rights as set forth above, but failed to do so.

36. These Defendants' actions were undertaken intentionally, with malice, and with reckless indifference to Malcolm Williams' rights.

37. As a result of these Defendants' actions and omissions, Malcolm, his estate, and his family suffered and will continue to suffer damages, including but not limited to money damages, expenses, loss of contribution, pain and suffering, wrongful death, severe emotional distress, and loss of love and companionship.

38. The Defendant Officers' misconduct described in this Count was undertaken pursuant to the official policies of Defendant Indiana State Police and the Greenwood Police Department, in the manner more fully described above.

### Count III -- State Law Claim
### Assault and Battery

39. Each Paragraph of this Complaint is incorporated herein.

40. In the manner described above, Defendant Officers intended to place Malcolm Williams in reasonable fear of imminent harm at a time when they had the ability to inflict harm, and their conduct constituted unwelcome, unjustified, and offensive physical contact, undertaken willfully and wantonly, causing Mr. Williams' bodily injuries.

41. As a result of these Defendants' actions and omissions, Malcolm, his estate, and his family suffered and will continue to suffer damages, including but not limited to money damages, expenses, loss of contribution, pain and suffering, wrongful death, severe emotional distress, and loss of love and companionship.

### Count IV -- State Law Claim
### Wrongful Death

42. Each Paragraph of this Complaint is incorporated herein.

43. In the manner described above, the actions of Defendant Officers constituted offensive physical contact made without Malcolm Williams' consent.

44. These Defendants' actions and omissions were undertaken willfully and wantonly and either intentionally or with reckless indifference or conscious disregard for the safety of others.

45. These Defendants' actions were the proximate cause of Malcolm Williams' death and the injuries to Malcolm, his estate, and his family.

46. As a result of these Defendants' actions and omissions, Malcolm, his estate, and his family suffered and will continue to suffer damages, including but not limited to money damages, expenses, loss of contribution, pain and suffering, wrongful death, severe emotional distress, and loss of love and companionship.

### Count V -- State Law Claim
### Survival Action

47. Each Paragraph of this Complaint is incorporated herein.

48. In the manner described above, the actions of Defendant Officers constituted offensive physical contact made without the consent of the Decedent.

49. These Defendants' actions and omissions were undertaken willfully and wantonly and either intentionally or with reckless indifference or conscious disregard for the safety of others.

50. These Defendants' actions were the proximate cause of Malcolm Williams' great bodily harm and death, as well as Mr. Williams's great pain and suffering.

51. The misconduct described in this Count was undertaken with intentional disregard for Malcolm Williams' rights.

52. As a result of these actions and omissions, Malcolm Williams experienced injuries including conscious physical and emotional pain and suffering.

## Count VI -- State Law Claim
## Intentional Infliction of Emotional Distress

53. Each Paragraph of this Complaint is incorporated herein.

54. In the manner described above, the actions, omissions, and conduct of the Defendant Officers as set forth above were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Mr. Williams and to Plaintiff as is more fully alleged above.

55. As a result of these Defendants' actions and omissions, Malcolm, his estate, and his family suffered and will continue to suffer damages, including money damages, expenses, loss of contribution, pain and suffering, wrongful death, severe emotional distress, and loss of love and companionship.

## Count VII -- State Law Claim
## *Respondeat Superior*

56. Each Paragraph of this Complaint is incorporated herein.

57. In committing the acts and omissions alleged in the preceding paragraphs, Defendant Officers were agents of Defendant Indiana State Police acting at all relevant times within the scope of their employment.

58. Defendant Indiana State Police is liable as principal for the state law torts committed by its agents.

## Count VIII -- State Law Claim
## Indemnification

59. Each Paragraph of this Complaint is incorporated herein.

60. Indiana law requires public entities to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

61. In committing the acts alleged in the preceding paragraphs, Defendant Officers were employees of the Indiana State Police acting at all relevant times within the scope of their employment.

WHEREFORE, Plaintiff Ashtyn Williams respectfully requests that this Court enter judgment in her favor and against Defendants, awarding compensatory damages, punitive damages, attorney's fees and costs, and any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff Ashtyn Williams hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

**Ashtyn Williams, as Personal Administrator of the Estate of Malcolm Williams**

BY: /s/ Steve Art
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Steve Art
LOEVY & LOEVY
311 North Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900
*Attorneys for Plaintiff*