UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ASHTYN WILLIAMS as the Personal Administrator of the ESTATE OF MALCOLM WILLIAMS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 4:21-cv-00068-TWP-KMB |
| CLAY BOLEY, | ) ) ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTIONS *IN LIMINE***

This matter is before the Court on Defendant Clay Boley's ("Trooper Boley" or "Defendant") Motions *in Limine* to Exclude Expert Testimony form Dr. Borrows-Beckham and Autopsy Report (Filing No. 122), and Defendant's Objection to Plaintiff's Witness List (Filing No. 131). This case stems from a traffic stop that resulted in Trooper Boley shooting and killing Malcolm Williams ("Mr. Williams"), and the matter is scheduled for trial by jury beginning on Monday, August 7, 2023. For the reasons set forth below, the Court **grants** Defendant's Motion *in Limine* to Exclude Expert and **overrules** the Objection to Plaintiff's witness list.

I.   **LEGAL STANDARD**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony...." Fed. R. Civ. P. 26(a)(2)(B). If the witness is not

required to provide a written report, the disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The exclusion of non-disclosed evidence, including an expert witness, "is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004); *see David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785–86 (7th Cir. 2000). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Caterpillar*, 324 F.3d at 857 (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

## II.   DISCUSSION

Plaintiff Ashtyn Williams' as the personal administrator for the Estate of Malcolm Williams ("Plaintiff"), initiated this action after Mr. Williams was killed following a traffic stop. The sole claim proceeding to trial is Count I of the Complaint—use of excessive force pursuant to 42 U.S.C. § 1983. Defendant contends that Plaintiff failed to properly disclose Dr. Borrows-Beckham as an expert witness and thus she should be excluded from testifying at trial as an expert and the autopsy report should not be admitted into evidence. (Filing No. 122 at 5-6). Defendant also objects to Plaintiff offering testimony from certain lay witnesses: James Tressler, John Crumpton, Harold Hamilton, Jayme Callis, Phil Ellis, Toni Williams, Daphne Roberts, Allyson Shemayme (Filing No. 131). The Court will address the Defendant's arguments in turn.

### A.   Dr. Borrows-Beckham was Improperly Disclosed (Filing No. 122)

Retained expert witness disclosures under Rule 26(a)(2)(B) must be highly detailed to be sufficient. Fed. R. Civ. P. 26; *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th

2

Cir. 1998) (holding that full expert witness disclosures must contain the expert's opinions and full reasoning behind these opinions in a way that is neither "sketchy" nor conclusory). Any other expert witness must provide a summary disclosure, which is less extensive. Fed. R. Civ. P. 26(a)(2)(C). This requirement arose recently, in a 2010 change to Rule 26; previously, no disclosures were required of a 'non-retained' expert. *See Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 645 (N.D. Ind. 2011). Non-retained experts' summary disclosures must contain merely "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *Coleman*, 274 F.R.D. at 645. Thus whether Dr. Borrows-Beckham is a "non-retained" expert under our Rules determines whether she was required to submit a summary disclosure prior to trial.

  The distinction between retained and non-retained experts arises most often in the context of physicians and other healthcare providers. *See Coleman*, 274 F.R.D. at 645 (citing Fed. R. Civ. P. 26 advisory committee's note). In the case of physicians, the designation of retained or non-retained is generally determined by the reason the physician was sought. *Id*. at 645. A physician sought only for treatment is not "retained for the purposes of litigation," and even if the treating physician will offer an opinion on causation, the physician may not be retained within the meaning of Rule 26 as long as she was not retained expressly to review materials and form such an opinion. *Id*. at 645. Put another way, a treating physician is only retained when the witness "gives opinions beyond the scope of his own observation." *Zurba v. United States*, 202 F.R.D. 590, 592 (N.D. Ill. 2001).

  Other jurisdictions have applied this logic beyond physicians and to expert witnesses more generally. *United States v. Sierra Pac. Indus.,* No. 09 C 2445, 2011 WL 2119078, at *4 (E.D. Cal.

3

May 26, 2011) (holding that the difference between retained and non-retained experts is that non-retained experts gain their information through percipient observations, while retained experts gain their information in any other manner). The Court finds this logic compelling. The language of Rule 26 applies to all experts, not just physicians, and the change to Rule 26 ensures that even experts not "retained for the purposes of litigation" must still disclose a summary of the facts and opinions at the heart of their testimony.

In *Karum Holdings LLC v. Lowe's Companies, Inc.*, the plaintiff disclosed a witness as a "fact" witness under Rule 26(a)(1)(A), but there was no later disclosure that this person would serve as an expert witness. 895 F.3d 944, 952 (7th Cir. 2018). The Seventh Circuit agreed with the district court that the plaintiff's "purported expert disclosure ... was plainly inadequate[.]" *Id*. The Seventh Circuit noted that the plain meaning of the rules "demand[ed] a formal designation for expert disclosures." *Id*. at 591. The Seventh Circuit further noted that "[t]here [wa]s a significant distinction between disclosing an individual as a fact witness under Rule 26(a)(1)(A) and disclosing an expert witness under Rule 26(a)(2)." *Id*. Thus, the Seventh Circuit concluded that the plaintiff had failed to meet the disclosure requirements because there was nothing indicating that such a witness would be an expert witness. *Id*.

Although she was never his treating physician, Dr. Burrows-Beckham performed the postmortem examination of the body of Malcom Williams (Filing No. 136-1 at 2). Plaintiff's original witness list indicated that Dr. Burrows-Beckham was expected to testify "about the cause of Malcolm Williams' death." (Filing No. 51 at 2.) Defendant "acknowledges that Dr. Burrows-Beckham theoretically can be both a lay witness and an expert witness" (Filing No. 122 at 2.) however, Dr. Burrows-Beckham's autopsy report goes beyond providing lay witness testimony,

> For starters, the first page of the autopsy report is titled "Final Diagnosis," including terminology that no lay person would be able to testify to. (*Id*.). The

4

> report goes on to describe the body using medical terminology that a lay person would not be familiar with, such as both the description of the "Exterior of the Body" and under "Evidence of Medical Treatment." (Id. at 2.) The autopsy report also details the gunshot wounds in medical terms, providing detail in both medical and scientific terms that only an expert witness would be able to describe. (Id. at 3.) The autopsy report goes on to describe the pathways of the projectiles which also clearly fall within expert testimony. (Id. at 4.) Finally, the autopsy report goes on to describe additional injuries, including detailed observations in different parts of the body such as the cardiovascular system, the respiratory system, and other areas. (Id. at 5-8.) These are all observations that only a medical professional would be able to make and testimony within the realm of Rule 702.

*Id* at 3.

The Court agrees that the Dr. Burrows-Beckham's autopsy report goes beyond lay witness testimony because it is based on the specialized knowledge that she possesses from her education and her experience conducting autopsies (Filing No. 122-1). The autopsy report is full of conclusions and findings that only fall within the realm of expert testimony. Dr. Burrows-Beckham was not retained for the purposes of litigation and, as such, was required to submit a summary report, disclosing "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *See* Fed. R. Civ. P. Rule 26(a)(2)(C). Plaintiff has not offered any summary expert disclosure from Dr. Borrows-Beckham regarding the subject matter of the testimony and a summary of the facts and opinions on which she would testify; nor has Plaintiff disclosed the witness qualifications. Dr. Borrows-Beckham was therefore improperly disclosed as a non-retained expert pursuant to Rule 26, and her report (the autopsy report) must be **excluded**.

**B.      Plaintiff's Failure to Disclose was Neither Justified nor Harmless**

Plaintiff contends that any failure to provide a summary of Dr. Burrows-Beckham's autopsy report was justified and, in any event, it was harmless (Filing No. 135 at 5-6; Filing No.

5

136 at 5-6). The Court is not persuaded. Without proper disclosures, a party may miss its opportunity to disqualify their opponent's expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report. *Rocklane Co., LLC v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 1320963, at *3 (S.D. Ind. Jan. 21, 2020). Because of these and other ways a party may be prejudiced by an improperly disclosed expert, the sanction for failing to adhere to Rule 26(a)(2) is exclusion. *Tribble v. Evangelides*, 670 F.3d 753, 759-60 (7th Cir. 2012); *see also* Fed. R. Civ. P. 37(c)(1). This sanction, however, is not automatic; instead, the Court must determine whether the exclusion is justified or harmless under Rule 37(c)(1). The Court has broad discretion in determining whether an error is harmless or justified, but it should consider several factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Lauderdale v. Deputy*, 2019 WL 7183784, at *5 (S.D. Ind. Dec. 26, 2019) (citing *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011)).

During the Final Pre-Trial Conference, Plaintiff did not address the question of whether his failure to comply with Rule 26(a)(2)(C)'s disclosure requirements was justified or harmless, beyond noting that Defendant could not be prejudiced because Dr. Borrows-Beckham was disclosed on Plaintiff's witness lists a year ago. The Seventh Circuit has disposed of the same type of harmlessness argument in *Musser*, 356 F.3d at 751. The *Musser* plaintiffs argued that they had disclosed the identity and records of all of their witnesses and that the defendant had an opportunity to depose these witnesses as to their opinions. *Id*. at 757. They further asserted it would be a "pointless formality" to disclose in writing a list of names with the designation expert witness when those names were already known to the defendant. *Id*. The Seventh Circuit disagreed:

> Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. [The defendant] should not be made to assume that each witness disclosed by the [plaintiff] could be an expert witness at trial.

*Id*. at 757.

The Seventh Circuit held that the district court did not abuse its discretion in finding harm because the defendant "was denied the opportunity to question the witness in their expert capacity." *Id*. at 759; *See also Tribble*, 670 F.3d at 760 (noting prejudice in the failure to disclose an expert even though the plaintiff knew the witness was going to testify and knew the limit of the testimony); *Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 952 (7th Cir. 2018) (rejecting the notion that "a Rule 26(a) violation [wa]s harmless simply because the opposing party knew the witness would testify in some capacity.").

Plaintiff also argues that "Defendant Boley himself had produced the autopsy report, and the pictures from the autopsy to Plaintiff." (Filing No. 135 at 2; Filing No. 136 at 2.) However, "[m]edical records alone do not satisfy the Rule 26(a)(2)(C)(ii) summary requirement." *See Guthrie v. Hochstetler*, 2017 WL 4760184, at *4 (N.D. Ind. Oct. 20, 2017) (citing *Brunswick v. Menard, Inc.*, 2013 WL 5291965, at *5 (N.D. Ind. Sept. 19, 2013)). This is because "[i]f the court only were to require that the information treating physicians intend to testify about to be present in the medical records, this would dispose of the summary report requirement mandated by Rule 26(a)(2)(c) and could result in abuse by inviting a party to dump a litany of medical records on the opposing party rather than preparing a summary of the expert's testimony." *Brunswick*, 2013 WL 5291965, at *5.

Defendant argues persuasively he has been prejudiced by Plaintiff's improper disclosure and his ability to cure the prejudice is hampered (Filing No. 122 at 5-6). The first factor is met because Plaintiff improperly disclosed its expert and did not provide a summary of their findings

7

to Defendant to allow him to adequately prepare for trial. This case has been pending since April 2021 (Filing No. 1). Since the proposed expert regularly conducts autopsies, Plaintiff should have been able to submit adequate disclosures in the last twenty-seven months. It is unreasonable to expect Defendant to assume whether Plaintiff intended to call Dr. Borrows-Beckham as a lay or expert witness.

The second and third factors are also met because the expert disclosure deadline has long expired, and the trial is set to commence in less than a month on August 7, 2023. Importantly, the ability to cure this prejudice does not lie with the Plaintiff, but rather with the Court if it so decides to reopen discovery and permit additional depositions. *See Cripe v. Henkel Corp.*, 318 F.R.D. 356, 362 (N.D. Ind. 2017). Here, the reopening of discovery would result in increased costs and burdens to the Defendant. Time would have to be set aside for Plaintiff to make the appropriate disclosures and for the Defendant, if requested, to conduct additional depositions. The Defendant would also need the time to retain any potential rebuttal experts and for the Plaintiff to depose them. As such, both factors cut in favor of a finding of harm.

While Defense counsel does not believe there was bad faith from Plaintiff's failure to disclose, Defendant argues "there is an element of willfulness in Plaintiff's] failure to disclose". (Filing No. 122 at 5). The Court accords little to no weight to the fourth factor as Plaintiff's intent is unclear and admittedly, there is no evidence of bad faith.

Considering the cumulative balance of the above factors; that Plaintiff failed to properly disclose Dr. Burrows-Beckham and failed to produce a summary report for this witness as required by Rule 26(a)(2)(C), the Court concludes that Plaintiff's non-disclosure was neither justified nor harmless.

### C.      Dr. Borrows-Beckham's Lay Witness Opinions

Alternatively, Plaintiff argues that Dr. Borrows-Beckham should be allowed to offer lay witness testimony (Filing No. 135; Filing No. 136). Under Federal Rule of Evidence 701, a lay witness may offer opinion testimony only to the extent that it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." *Christmas v. City of Chicago*, 691 F.Supp.2d 811, 821 (N.D. Ill. 2010). "[T]he plaintiff may rely on lay testimony when causation is within the understanding of a lay person." *McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010) (finding that plaintiff's testimony about his subjective symptoms corroborated his claim that he was injured by the officer's take-down, not earlier car accidents); *see Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations."). Lay opinion testimony is not admissible "to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.'" *United States v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (quoting *United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001)).

The Defendant "acknowledges that Dr. Burrows-Beckham would be permitted to testify as a lay witness to things such as the fact that she is a [d]octor (background) and that she conducted the autopsy of Malcolm Williams." (Filing No. 122 at 2-3.)  Plaintiff asserts that "Dr. Borrows-Beckham's testimony about the locations and measurements of Malcolm's wounds are the types of non-expert testimony that are based on her observations of Malcolm's body and impact the bullet trajectories and other wound information that is going to be discussed as part of the disputes at trial." (Filing No. 136 at 4.) *See Simpson v. Brewer*, 2021 WL 8053541, at *1 (S.D. Ill. Aug. 2,

2021) (doctor may testify as a fact witness about "what he saw and did, why he did it and when he did it").

While the Court agrees that Dr. Borrows-Beckham may serve as a fact witness, Dr. Borrows-Beckham's opinion must be limited to her observations during Mr. Williams' autopsy. She may testify about what she saw and did, why she did it and when she did it. Evidence including where the bullets were located and recovered from Mr. Williams' body, her measurement of wounds, and that Mr. William died from multiple gunshot wounds is admissible. However, Dr. Borrows-Beckham will not be allowed to opine on information pertinent to bullet trajectories and likely other wound information, her opinion whether Mr. Williams was "a healthy young man," or her opinion of what happened during the shooting incident. This type of evidence would be expert opinion based on her "specialized medical training and knowledge that is outside the average juror's sphere of knowledge." *See Brandon v. Village of Maywood*, 179 F. Supp.2d 847, 859 (N.D. Ill. 2001).

D.   **Defendant's Objections to Plaintiff's Witness List (Filing No. 131)**

Defendant objects to Plaintiff offering testimony from the following witnesses: James Tressler,[1] John Crumpton, Harold Hamilton, Jayme Callis, Phil Ellis, Toni Williams, Daphne Roberts, Allyson Shemayme (Filing No. 131). Plaintiff intends to call the above named witnesses, except 'James Tressler', to prove damages (Filing No. 51; Filing No. 128). Defendant is concerned that their testimony may be cumulative (Filing No. 131). Federal Rules of Evidence 403 provides

---

[1] On June 29, 2022, the Plaintiff initially disclosed that "Peter Tressler—is expected to testify about evidence related to the fatal shooting of Malcolm Williams." (Filing No. 51 at 2.) During the Final Pre-Trial Conference, the parties notified the Court that they had significantly amended their witness lists and the Court instructed both parties to file updated witness lists on the docket. On July 7, 2023, the Plaintiff filed an updated witness list and indicated that "James Tressler…will testify about evidence that was or was not included in the investigation of Bouley's fatal shooting of Malcolm Williams." (Filing No. 128 at 1.) To the extent that the slight name change was not a typographical error, the Court will grant the Defendant's Motion to Exclude James Tressler as a witness because he was never disclosed on the Plaintiff's initial witness list (Filing No. 51).

that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading cumulative evidence." Fed. R. Evid. 403. As discussed during the Final Pre-Trial Conference, the Court will not allow cumulative evidence. The Court trust that both parties will avoid offering cumulative testimony. However, if during the trial a Plaintiff's witness present cumulative testimony concerning damages, Defendant may make the appropriate objection at that time. At this pre-trial stage, the Court **overrules** Defendant's objection to these witnesses (Filing No. 131).

### III.   CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's Motions *in limine* to Exclude Expert Testimony from Dr. Borrows-Beckham and Autopsy Report (Filing No. 122) and **overrules** Defendant's Objection to Plaintiff's Witness List (Filing No. 131). Dr. Borrows-Beckham may not offer expert testimony, and her autopsy report is excluded as evidence. Dr. Borrows-Beckham may offer lay witness testimony.

An order *in limine* is not a final, appealable order. If a party believes that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:   7/17/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

11

Distribution:

Steven E. Art
LOEVY & LOEVY
steve@loevy.com

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Hannah Lynette Hulsey
Office of Indiana Attorney General
hannah.hulsey@atg.in.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Arthur Loevy
LOEVY & LOEVY
arthur@loevy.com

Jonathan I. Loevy
LOEVY & LOEVY
jon@loevy.com

Mark Loevy-Reyes
LOEVY & LOEVY
mark@loevy.com

David B. Owens
LOEVY & LOEVY
david@loevy.com

James Michael Sedam
Office of Indiana Attorney General
James.Sedam@atg.in.gov