## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| ASHTYN WILLIAMS as the Personal Administrator of the ESTATE OF MALCOLM WILLIAMS, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00068-TWP-KMB |
| | ) | |
| CLAY BOLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 9 AND 10

This matter is before the Court on Plaintiff Ashtyn Williams as the Personal Administrator of the Estate of Malcom Williams ("Plaintiff"), Motion *in Limine* No. 9 (Filing No. 126) and Motion *in Limine* No. 10 (Filing No. 125). This case, stemming from a traffic stop that resulted in Defendant Clay Boley ("Trooper Boley" or "Defendant") shooting and killing Malcolm Williams ("Mr. Williams"), is scheduled for jury trial on August 7, 2023. After the July 7, 2023 Final Pretrial Conference (Filing No. 127), Plaintiff filed the instant motions to limit the testimony of retired Indiana State Police ("ISP") Officer Peter Tressler ("Trooper Tressler") (Motion *in Limine* No. 9) and to treat ISP officers as hostile witnesses (Motion *in Limine* No. 10). For the reasons set forth below, Plaintiff's Motions are **granted in part and denied in part**.

### I.      LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until

trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id.* at 1400–01.  Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded.  *Id.* at 1401.  "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct.  A motion in *limine* weeds out evidence that is not admissible for any purpose."  *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, 2018 WL 3120623, at *2 (S.D. Ind. June 26, 2018).

## II.     DISCUSSION

Plaintiff's Motion *in Limine* No. 9 seeks to preclude certain lay opinion testimony from Trooper Tressler, and her Motion in Limine No. 10 requests permission to ask leading questions of ISP witnesses.  The Court will address each Motion in turn.

### A.     Motion *in Limine* No. 9 (Filing No. 126)

After Mr. Williams was shot and killed, Trooper Tressler processed the scene and conducted some level of investigation.  (Filing No. 126 at 1.)  Plaintiff asserts that Defendant "intends to elicit opinion testimony from Tressler: (1) concerning Boley's claimed injuries from the incident involving Williams; (2) that evidence he collected in the case is 'consistent with' Boley's account . . . ; and (3) that his police training is not 'expert' testimony [sic]."  (Filing No. 126 at 2.)  Plaintiff seeks to preclude this testimony.

During the Final Pretrial Conference, Defendant's counsel represented that Trooper Tressler is not being offered as an expert witness and is not expected to testify about any medical injuries Defendant sustained.  However, Trooper Tressler may testify that some of Trooper Boley's alleged injuries are consistent with a gun being fired at close range, based on Trooper Tressler's years of experience as a police officer.  Counsel contends such a close-range injury would

corroborate Trooper Boley's anticipated testimony that Mr. Williams fired a gun near him, but Trooper Tressler is not a scientist or doctor, and he is not a disclosed expert; so this testimony should be limited.

In response, Defendant argues that Trooper Tressler's testimony will be based upon his personal knowledge and observations, and would necessarily "include obvious, literal, physical observations of the visible injuries on Trooper Boley's person." (Filing No. 138 at 2.) Trooper Tressler's anticipated testimony about "the bruising and injuries he observed on Trooper Boley including the stippling on his . . . arm" will be based on Trooper Tressler's "knowledge and skills gained over the years from his service with the Indiana State Police . . . and his work as a detective." *Id.* at 2-3. Defendant insists that Trooper Tressler's experience and knowledge does not automatically make all of his testimony inadmissible expert testimony. *Id.* at 3.

Plaintiff is correct that because Trooper Tressler is not being offered as an expert witness, his opinions must be proper lay witness testimony under Federal Rule of Evidence 701. As amended effective December 1, 2000, Rule 701 requires that all lay witness testimony be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) *not based on scientific, technical, or other specialized knowledge*." *Smith v. Crounse Corp.*, -- F.4th --, 2023 WL 4360156, at *5 (7th Cir. July 6, 2023) (emphasis added) (citing *United States v. Eaden*, 37 F.4th 1307, 1312 (7th Cir. 2022)). The Rule's amendment was "designed to make clear that courts must scrutinize witness testimony to ensure that all testimony based on scientific, technical or other specialized knowledge is subjected to the reliability standard of Rule 702." Fed. R. Evid. 701 advisory committee's note to 2000 amendment. Lay opinion testimony is not admissible "to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.'"

*United States v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (quoting *United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001)).

Trooper Tressler's knowledge based on his many years of policing experience is "specialized knowledge" that brings his opinions into the realm of expert opinions. *See United States v. Jones*, 739 F.3d 364, 369 (7th Cir. 2014) ("[W]here the witness's testimony is based upon his own interactions with the parties in the course of an investigation, then it is based on personal knowledge and constitutes lay testimony. Where, however, it is based upon the officer's experience over the years . . . , and the officer is providing an opinion based on that experience . . . , then it is expert testimony."); *United States v. Christian*, 673 F.3d 702, 709 (7th Cir. 2012) ("[A]n officer testifies as an expert when he brings the wealth of his experience as an officer to bear on [his] observations and makes connections for the jury based on that specialized knowledge.").

A lay person with only general familiarity with injuries and firearms would not know that certain types of injuries could be caused by a close-range firearms discharge. *Conn*, 297 F.3d at 554 ("[T]he testimony offered by Agent McCart about the nature of Mr. Conn's firearms collection was expert testimony. . . . [T]he Government asked Agent McCart to base his answer on his 'training and experience' as an ATF agent. . . . Even a lay person familiar with firearms in general would not have the expertise to distinguish between firearms that are collector's items and firearms that are not."). Accordingly, opinions as to the cause of Trooper Boley's alleged injuries are therefore reserved for expert witnesses and inadmissible under Rule 701. Not surprisingly, Defendant intends to offer Dr. Gregory D. McDonald's expert opinions on that exact topic. But Trooper Tressler may not opine as to the cause of Trooper Boley's alleged injuries.

As Defendant correctly notes, Trooper Tressler may offer a wide range of permissible lay testimony based on his personal observations and actions taken in the course of his investigation.

The Court will not preclude "any and all" testimony from Trooper Tressler regarding Trooper Boley's injuries, evidence that may be consistent with Trooper Boley's account, or Trooper Tressler's qualifications (or lack thereof). Plaintiff concedes that "while some of the conclusions in that report have been challenged by Plaintiff, the opinions that the physical evidence concerning the layout of the scene are "consistent with" Boley's account are not Part of Plaintiff's motion". (Filing No. 126 at 4). Thus, evidence of what Trooper Tressler observed and did is admissible, including his observations of bruising, and he may describe the appearance of what he believed to be stippling.  In addition, his testimony can properly include his knowledge about what was done during the investigation, including the collection of physical evidence, that the firearms were tested, and what the results were, among other aspects of the investigation.

At this stage, the Court's ruling is narrowly limited to anticipated opinion testimony about the source of Defendant's alleged injuries. Trooper Tressler's opinion as to the cause of Trooper Boley's injuries (*i.e.*, a close-range firearms discharge) based on his knowledge and experience would be an expert opinion.  Plaintiff's Motion *in Limine* No. 9 is therefore **granted in part and denied in part**.  The parties are **precluded** from eliciting testimony as to what Trooper Tressler believes caused or could have caused Trooper Boley's alleged injuries.  Plaintiff's Motion *in Limine* No. 9 is **denied** in all other respects.

**B.**     **Motion *in Limine* No. 10 (Filing No. 125)**

Plaintiff next requests leave to treat as hostile "all Indiana State Patrol officers who testify, all of whom are represented by defense counsel," including but not limited to Troopers Boley, Mears, and Tressler (Filing No. 125 at 3).[1]  Federal Rule of Evidence 611(c) states that "the court

---

[1] Plaintiff filed her Motion *in Limine* No. 10 "[i]n light of the comments made at the pretrial conference," *id.*, but witness hostility was not mentioned at the Final Pretrial Conference. Accordingly, this Motion should have been made before the Final Pretrial Conference. Despite Plaintiff's tardiness, the Court will rule on the Motion.

should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). The rule emphasizes that "leading questions should not be used on direct except as necessary to develop the witness's testimony." *Id*.

Trooper Boley is an adverse party, so Ms. Williams may certainly ask him leading questions.  Troopers Mears and Tressler, as current or former fellow ISP troopers, are "identified with an adverse party."  "A classic example of a witness identified with an adverse party is a police officer called as a witness in a [section] 1983 trial involving an incident in which he *or fellow officers* were involved."  *Ratliff v. City of Chicago*, 10-cv-739, 2013 WL 3388745, at *6 (N.D. Ill. 2013) (emphasis added) (citing *Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir. 1981)). So Ms. Williams may ask Troopers Mears and Tressler leading questions.[2]

Defendant contends that Ms. Williams is using her Motion *in Limine* No. 10 to "get around the Court's ruling on Defendant's Motion in Limine No. 8" (Filing No. 137 at 2). In its Order on Plaintiff's Motion *in Limine* No. 8, the Court granted Defendant's request to exclude references to a "code of silence," "blue wall," or other situations in which police officers cover for their colleagues (Filing No. 116 at 20).  The Court does not find Plaintiff's request to ask certain ISP officers leading questions to be inconsistent with the Court's ruling on Plaintiff's Motion *in Limine* No. 8.  Although Plaintiff may not imply that ISP officers "conspire, cover up, or lie for their colleagues" or commit "misconduct" (Filing No. 116 at 20), Plaintiff may reasonably assume that Troopers Boley, Mears, and Tressler are aligned with Trooper Boley and against her in this litigation.  Ms. Williams may therefore treat Troopers Boley, Mears, and Tressler as hostile witnesses.  Plaintiff may not however,  ask leading questions that bring up these issues or make

---

[2] Plaintiff may of course ask leading questions of any witness on cross examination under Federal Rule of Evidence 611(c)(1), though she does not need an order *in limine* to do so.

such implications are contrary to the Court's ruling on Defendant's Motion in Limine No. 8. The Court previously determined, "such testimony is not only irrelevant, but any probative value is outweighed by undue prejudice. This is not an obstruction of justice case. The jury must merely assess whether Defendant Boley used unreasonable force against Mr. Williams. " (Filing No. 116 at 2).

With respect to leading questions as to all "ISP witnesses," the blanket request is **denied**. Rule 611(c) emphasizes that leading questions should not be used on direct except as necessary to develop the witness's testimony. The Court notes that Ms. Williams' most recent witness list states that she "reserves the right to call any witness listed on Defendants' Witness List" (Filing No. 128). To the extent Ms. Williams requests leave to ask leading questions on direct examination of any and all ISP officers whom she *may* call as a witness, that request is **denied**. The Court declines to issue a blanket order that would apply to witnesses Ms. Williams has not named.

Plaintiff's Motion *in Limine* No. 10 is **granted in part and denied in part**. Ms. Williams may ask leading questions of Troopers Boley, Mears, and Tressler on direct examination. However, she is not granted leave to ask leading questions on direct examination of any ISP officer whom she has not identified as one of her witnesses; she must first establish that the newly identified officer is hostile or adverse to her position.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion *in Limine* No. 9 (Filing No. 126) is **GRANTED in part and DENIED in part**, and her Motion *in Limine* No. 10 (Filing No. 125) is **GRANTED in part and DENIED in part**. An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury.

Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial,

counsel may raise specific objections to that evidence.

     **SO ORDERED**.

    Date:   7/17/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Arthur Loevy
LOEVY & LOEVY
arthur@loevy.com

Jonathan I. Loevy
LOEVY & LOEVY
jon@loevy.com

Mark Loevy-Reyes
LOEVY & LOEVY
mark@loevy.com

David B. Owens
LOEVY & LOEVY
david@loevy.com

Steven E. Art
LOEVY & LOEVY
steve@loevy.com

Alexander Robert Carlisle
OFFICE OF THE INDIANA ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Hannah Lynette Hulsey
OFFICE OF THE INDIANA ATTORNEY GENERAL
hannah.hulsey@atg.in.gov

Gustavo Angel Jimenez
OFFICE OF THE INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

James Michael Sedam
OFFICE OF THE INDIANA ATTORNEY GENERAL
James.Sedam@atg.in.gov